JOURNAL ENTRY AND OPINION
On May 2, 2000, Melvin Sostre, the petitioner, commenced this habeas corpus action against the respondents, Sheriff Gerald McFaul and the Ohio Adult Parole Authority, to obtain his release from jail. He argues that he is being held pursuant to an unconstitutional law, R.C. 2967.28, the post-release control statute. In mid-May 2000, Sheriff McFaul and the Ohio Adult Parole Authority separately filed motions to dismiss (Motion Nos. 17199 and 17256.) Mr. Sostre never filed a brief in opposition. For the following reasons, this court grants the respondents' motions to dismiss.
In State of Ohio v. Melvin Sostre, Cuyahoga County Common Pleas Court Case No. Cr. 356868, the court sentenced Mr. Sostre in March 1998 to a total of ten months for convictions of grand theft and forgery. The court imposed this sentence consecutively to a sentence which Mr. Sostre was already serving. He was released in June 1999, but the Ohio Adult Parole Authority placed him on post-release control pursuant to R.C. 2967.28.
Subsequently, the grand jury indicted him for a December 1999 charge of having a weapon under disability, Cuyahoga County Common Pleas Court Case No. C.R. 387460. Mr. Sostre maintains that he could post bond and be released from jail for the new charge, but the Ohio Adult Parole Authority has placed a hold on him for breaking his post-release control from Case No. C.R. 356868. Consequently, he remains in jail.
Mr. Sostre argues that this imprisonment for breaking post-release control is unauthorized because this court declared R.C.2967.28 unconstitutional in State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported, because the statute violated the principles of separation of powers and substantive and procedural due process. But for the unconstitutional statute, he would be able to make bond and be released from jail. Thus, his current imprisonment is improper.
The respondents argue that habeas relief should not issue because they are lawfully detaining Mr. Sostre pursuant to R.C.2967.15 and R.C. 2967.28. The former statute provides, interalia, that if a parole field officer has reasonable cause to believe that a releasee has violated the conditions of post-release control, the officer may arrest that releasee. The arrested person shall then be confined in the county jail until a determination is made regarding the person's release status.
Moreover, this court's holding in Jones should not be given effect, because the Supreme Court of Ohio has accepted jurisdiction of Jones in Supreme Court of Ohio Case No. 99-1881 and has stayed the execution of this court's judgment in that case. By staying the judgment in Jones, the supreme court also stayed this court's determination that R.C. 2967.28 is unconstitutional. Thus, the stay keeps the statute in full force and effect. If R.C. 2967.28 is in full force and effect, the respondents lawfully detained Mr. Sostre.
The respondents' argument is persuasive. Mr. Sostre does not contest it, and thus he has not established that he is entitled to his immediate release from jail. Moreover, in State v.Hochhausler (1996), 76 Ohio St.3d 455, 464, 668 N.E.2d 457, the Supreme Court of Ohio stated that the power to grant stays is an inherent power of court and "essential to the orderly and efficient administration of justice * * *." Not to abide fully the stay issued in Jones would risk disrupting the orderly and efficient administration of justice.
Accordingly, the respondents' motions to dismiss are granted, and this habeas corpus action is dismissed. Petitioner to pay costs.
ANN DYKE, A.J., and TERRENCE O'DONNELL, J., CONCUR.
 ___________________________ PATRICIA ANN BLACKMON JUDGE